TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
Major Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4962/6104
     Facsimile: (213) 894-0141
     E-mail:    clifford.mpare@usdoj.gov
                shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 25-CR-1032-MWF-7 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ISAAC ESTRADA-FROST |
| v. | |
| VICTOR SANCHEZ, et al. | |
| Defendants. | |

1.   This constitutes the plea agreement between Isaac Estrada-Frost ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts two, 43, 44, and 45 of the indictment in United States v. Victor Sanchez, et al., case number 25-CR-1032-MWF-7, which charge defendant with: 1) Violent Crime in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3); 2) Possession With Intent to Distribute Carfentanil, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 3) Possession With Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and 4) Possession of Firearms in Furtherance of Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.    Defendant further agrees:

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived

2

from or acquired as a result of, or used to facilitate the commission of, the illegal activity to which defendant is pleading guilty (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

4.    That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>THE USAO'S OBLIGATIONS</u>

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSES</u>

6.    Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Violent Crime in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3), the following must be true:

a.    on or about the time period described in the indictment, an enterprise affecting interstate commerce existed (here, the gang known as Puente 13 in Los Angeles County);

b.    the enterprise engaged in racketeering activity;

c.    defendant committed assault with a dangerous weapon, a crime of violence, as defined in the California Penal Code; and

4

d.    defendant's purpose in committing assault with a dangerous weapon was to gain entrance to, or to maintain, or to increase defendant's position in the enterprise.

Under California law, a defendant is guilty of assault with a dangerous weapon if 1) the defendant did an act with a firearm that by its nature would directly and probably result in the application of force to a person; 2) the defendant did that act willfully; 3) when the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone and 4) when the defendant acted, he had the present ability to apply force with a firearm to a person.

An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

"Racketeering activity" includes any act or threat involving murder, kidnapping, robbery, extortion, or dealing in a controlled substance, which is chargeable under state law and punishable by imprisonment for more than one year and/or any of the offenses enumerated in Title 18, United States Code, Section 1961(1).

7.    Defendant understands that for defendant to be guilty of the crime charged in count 43, that is, Possession With Intent to Distribute Carfentanil, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), the following must be true:

a.    Defendant knowingly possessed a controlled substance, in this case carfentanil, an analogue of fentanyl; and

b.    Defendant possessed it with the intent to distribute it to another person.

5

8.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences for count 43 set forth below, the government must prove beyond a reasonable doubt that defendant possessed with the intent to distribute at least ten grams of carfentanil, an analogue of fentanyl.  Defendant admits that defendant, in fact, possessed with the intent to distribute at least ten grams of carfentanil, an analogue of fentanyl.

9.    Defendant understands that for defendant to be guilty of the crime charged in count 44, that is, Possession With Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the following must be true:

a.    Defendant knowingly possessed a controlled substance, in this case fentanyl; and

b.    Defendant possessed it with the intent to distribute it to another person.

10.    Defendant understands that for defendant to be guilty of the crime charged in count 45, that is, Possession of Firearms in Furtherance of Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i), the following must be true:

a.    Defendant committed the crime of possession with intent to distribute carfentanil and fentanyl, which are a drug trafficking crimes charged in counts 43 and 44;

b.    Defendant knowingly possessed firearms, here, a privately manufactured AR-style handgun, bearing no serial number (commonly referred to as a "ghost gun"), and a Glock, model 19, 9mm caliber handgun, bearing serial number CBNH325; and

c.    Defendant possessed the firearms in furtherance of the crimes of possession with intent to distribute carfenatil and

6

fentanyl as charged in counts 43 and 44.

PENALTIES

11.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Violent Crime in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3) is: 20 years' imprisonment, a three-year period of supervised release, a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Possession With Intent to Distribute Carfentanil, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) is: 40 years' imprisonment, a lifetime period of supervised release, a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

13.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Possession With Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) is 20 years' imprisonment, a lifetime period of supervised release, a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

14.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Possession of Firearms in Furtherance of Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i) is: lifetime imprisonment, a three-year period of supervised release, a fine of $250,000 or twice the gross gain or

7

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

15. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: lifetime imprisonment; a lifetime period of supervised release; a fine of $6,500,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

16. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) is: five years' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

17. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 924(c)(1)(A)(i) is: five years' imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

18. Defendant understands, therefore, that the total statutory mandatory minimum sentence for all offenses to which defendant is pleading guilty is: 10 years' imprisonment; followed by a four-year period of supervised release, and a mandatory special assessment of $200.

19. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

20.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to felonies and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

21.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration

status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

22.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On November 5, 2024, defendant possessed: 1) carfentanil and fentanyl with the intent to distribute the same; and 2) two handguns in furtherance of those drugs trafficking crimes.  Specifically, on that date, law enforcement officers and agents executed a search warrant on a premises located on Charlemont Avenue in Haceinda Heights, within the Central District of California.  During that search, law enforcement personnel found defendant inside a garage which had been converted into defendant's living space.  Inside defendant's living space, law enforcement personnel discovered one privately made AR-style handgun bearing no serial number and a Glock, model 19, 9mm caliber handgun bearing serial number CBNH325 with an extended 31-round magazine loaded with 30 rounds of live ammunition. Next to those guns, law enforcement personnel discovered a Louis Vuitton bag that contained: 1) a plastic baggie with numerous M30 pills that collectively contained approximately 99 grams of carfentanil; 2) a plastic baggie with numerous M30 pills that

collectively contained approximately 11 grams of fentanyl; and 3) multiple clear plastic baggies that could be used for the packaging and further distribution of those M30 pills.

Additionally, beginning on a date unknown, and continuing up and until December 17, 2025, Puente 13 is and was a criminal enterprise composed of a group of individuals associated for a common purpose of engaging in a course of conduct, which course includes the trafficking of controlled substance, the trafficking of guns, and the commission of violence against perceived rivals.  As a result of Puente 13's drug trafficking conduct, throughout the period described in the Indictment, Puente 13 members and associates engaged in, and their activities in some way affected, commerce between one state and another state.  Beginning on a date unknown, and continuing up and until December 17, 2025, defendant, also known as "Ghost," was a member of the Puente 13 criminal enterprise in Los Angeles County.

On May 2, 2025, defendant traveled via car with a group of other Puente 13 members and associates to the area of a liquor store located on the corner of Glendora Avenue and Mentz Street in La Puente, California, within the Central District of California (the "Liquor Store").  When they arrived, defendant and his associates exited the car and one of defendant's associates began to spray Puente 13 graffiti on one of the Liquor Store's exterior walls.  As that associate sprayed graffiti, defendant began yelling at an individual (the "Victim") who was vacuuming his car at a car wash located across Mentz Street from the Liquor Store.  Then, when the Victim entered his car and began to drive away from defendant, defendant used a handgun to shoot at the Victim, and the bullet fired by defendant struck the passenger side door frame of the Victim's

11

car.  Defendant mistakenly believed that the Victim was a member of a rival gang, so defendant's purpose in shooting at the Victim was to increase defendant's position in the Puente 13 racketeering enterprise.

SENTENCING FACTORS

23.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

24.  Except as set forth in paragraph 5(c) above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors.  Except as set forth in paragraph 5(c), both parties reserve the right to seek any sentence between the statutory mandatory minimum and the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, and variances.

25.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

26. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13

WAIVER OF APPEAL OF CONVICTION

27.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

28.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 180 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

14

29. The USAO agrees that, provided the Court imposes a term of imprisonment of no less than 180 months, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

30. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

31. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was

15

involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

32.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

33.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

34.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

16

35. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

36. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

NO ADDITIONAL AGREEMENTS

37. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

17

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

38.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

_____                    07/24/2026
CLIFFORD D. MPARE                             _____
Assistant United States Attorney              Date

_____                    7/23/26
ISAAC ESTRADA-FROST                           _____
Defendant                                     Date

_____                    7/23/26
JOHN MCNICHOLAS                               _____
Attorney for Defendant Isaac                  Date
Estrada-Frost

18

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Isaac Estrada Frost_           _7/23/26_
ISAAC ESTRADA-FROST        Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ISAAC ESTRADA-FROST's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____    7/23/26
JOHN MCNICHOLAS                     _____
Attorney for Defendant Isaac        Date
Estrada Frost

20